HENDERSON, Plaintiff-Appellee, v. HILL, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4112.   Decided February 17, 1949.

Ray E. Hughes, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant.

**OPINION**

By MILLER, PJ.

This is a law appeal from the Court of Common Pleas, Franklin County, Ohio.   The appeal there was from a judgment of the Municipal Court of Columbus, Ohio, granting the plaintiff the possession of certain real property and also for $45.33 for the use of the premises up to the time of the trial.

On July 29, 1947, at appellant's request the appeal was dismissed and a judgment rendered for the appellee for $110.00 and costs.   The entry journalizing this decision was not ap-

proved by the appellee. On July 31, 1947, the appellee filed a motion to set aside the order of July 29, 1947, for the reason that the judgment of the Court as to the amount of rent was rendered without consideration of the facts or pleadings in the case; that the Court was without jurisdiction to render such a judgment without the consent of the appellee or upon proper evidence being submitted to the Court. On October 11, 1947, this motion was sustained, the judgment entry being.

"For good cause shown order dismissing appeal under date of July 29, 1947, is hereby set aside."

This is the order to which this appeal is directed. The appellant urges that the Court erred in setting aside the judgment, abused his discretion in so doing and that the same was in violation of Rule VIII of the Common Pleas Court.

It is well established that a Court has the inherent power of controlling its own judgment and of correcting, modifying or vacating such judgment during the term at which it was rendered. 23 O. Jur. 1216, Section 1121.

The record contains no bill of exceptions which exemplifies the proceedings in the Common Pleas Court. The appellant therefore fails in his attempt to show an abuse of discretion. In the absence of such a showing the presumption of regularity maintains. We have examined Rule VIII of the Common Pleas Court which has no application to the facts here presented, as it relates only to the manner of approving entries. It makes no reference to the vacating of judgments.

Although it has not been urged by the appellee, it should be noted that the order appealed from is not a final order as defined by §12223-2 GC. It leaves the action still pending in the Common Pleas Court for determination.

We find no error in the record and the judgment is affirmed. The cause is ordered remanded to the Common Pleas Court for further proceedings according to law.

HORNBECK and WISEMAN, JJ, concur.

## ON APPLICATION FOR REHEARING

No. 4112. Decided March 16, 1949.
By THE COURT.

Application for rehearing denied.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.